MORRIS GERSHMAN, RESPONDENT, v. SAMUEL M. ADELMAN, APPELLANT.

Submitted October 15, 1926—Decided January 19, 1927.

1. Under the Uniform Negotiable Instruments law (3 *Comp. Stat.*, *p.* 3757, § 193), what is a "reasonable time" or an "unreasonable time," having regard to "the facts of the particular case," for presenting a promissory note, "payable on demand, with interest," under the circumstances of this case, is a question of fact to be submitted to the jury under instructions from the court.
2. The questions of payments and whether the plaintiff was a holder in due course, under the facts in the record of this case, were properly left by the trial judge to be determined by the jury, as questions of fact. It was not error for the trial judge to so treat these questions.

On appeal.

Before Justices BLACK and CAMPBELL.

For the appellant, *Gross & Gross.*

For the respondent, *Adler & Adler.*

The opinion of the court was delivered by

BLACK, J.   This suit was brought to recover the amount due on a promissory note, thus—

"$1,011.75                    WEST NEW YORK, N. J.
                                   Jan. 13, 1921.

On demand after date I promise to pay to the order of Gootman Adelman one thousand eleven 75/100 .... .Dollars at the New Jersey Title Guarantee and Trust Co., West New York, N. J.

Value received, with interest.

No.          Due                    S. M. ADELMAN."

The trial resulted in a verdict for the plaintiff for $1,327.06. The defendant appeals and files eight grounds of appeal—

*first* and *second,* error by the trial judge in refusing to non-suit the plaintiff or direct a verdict in favor of the defendant; *third* to *eighth,* error in the charge of the trial judge.

The exceptions to the charge of the trial judge and the errors alleged thereon, three to eight, consist of long extracts from the judge's charge dealing somewhat at length with statements of facts, involving one or more legal principles in each excerpt.

The two meritorious points, which the appellant argues in the brief, are—

*First*—The plaintiff was not a holder in due course, as a matter of law.

*Second*—The plaintiff did not have title to the note sued on.

These points being conceded, of course, there should have been a nonsuit or the direction of a verdict in favor of the defendant. It would have been error for the trial court to treat these points in the charge as questions of fact to be decided by the jury. No intelligent discussion, however, of these points can be made without a clear grasp of some of the dominant facts. At the outset, it may be said that the transaction, the situation and surrounding circumstances are most unusual. It was between two brothers. The promissory note was not given for money owing, but rather as evidence of a money investment. Gootman Adelman, the payee, desired his brother to use the money in his business, so that he, Gootman, might receive the benefit of the interest. The note is payable on demand, with interest, which are significant circumstances. It is dated January 13th, 1921. Gootman Adelman, the payee, died December, 1923; nearly three years after the date of the note. His widow, Rebecca Adelman, retained the note until July, 1925, when it was transferred to the plaintiff, Morris Gershman, in payment of work performed and for advances made to the widow in the business then being operated by her. Suit was commenced on September 11th, 1925. Gootman Adelman was stricken with illness, his brother Samuel, the maker of the promissory note, expended money for him, the amount, and whether such expenditure was voluntary or should be charged against the

indebtedness, evidenced by the note are controverted questions of fact.

The first question to be answered is, Is the plaintiff a holder in due course, as a matter of law?

The Uniform Negotiable Instruments law (3 *Comp. Stat.,* *p.* 3741, § 52) defines a holder in due course and recites four conditions as prerequisites, which were read to the jury by the trial judge in his charge. Section 53 defines a holder in due course, thus: "When an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course." Section 193, in estimating time, provides: "In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument the usage of trade or business [if any] with respect to such instruments and the facts of the particular case." Under ordinary circumstances from the date of the note, January 13th, 1921, . to the commencement of the suit, September 11th, 1925, it might well be said that such a lapse of time might be considered an unreasonable time. But the circumstances concerning the issuance of the note were peculiar and extraordinary. It was an arrangement between two brothers, who were fond of each other, Samuel, the maker of the note, being the more successful. It was in the nature of an investment of funds by one brother with the other, except for the intervention of the death of Gootman, his funds would probably have been left in his brother's care for a long period of years, as a continuing security. Providing for the payment of interest on a demand note generally shows or indicates that immediate presentment was not contemplated. This fact is generally to be considered in determining whether the note has been presented within a reasonable time.

The topic is fully presented and discussed, with a wealth of illustrative citations, in 7 *Cyc.* 975 (b). According to some courts a note payable on demand, with interest, is a lasting security, and is not dishonored until payment is demanded. 3 *R. C. L.* 1047, § 252. There is no precise time when such a note is to be deemed dishonored, as it must depend upon the circumstances of the case and the situation

of the parties. If the facts are involved in dispute, the question is one of mixed fact and law, which should be submitted to the jury under the direction of the court. *Ibid.*

The facts are so unusual in this case, from necessity, the trial court, under the one hundred and ninety-third section of the statute, in determining what is a "reasonable time," regard being had to "the facts of the particular case," properly left the question to the jury, hence, we think the verdict of the jury should not be disturbed.

The note was endorsed by Rebecca Adelman as administratrix of her deceased husband. Gootman Adelman died without issue and so far as the record shows leaving no unpaid debts. The widow was entitled to whatever estate was left by him, including the note in question. She, therefore, had the legal power to transfer the title to the plaintiff. He had the full legal title to the note, so that he could maintain an action thereon against the maker. *3 R. C. L.* 991, §§ 200, 201.

The only other question involved is the payments made by the defendant, Samuel M. Adelman, on account of the sickness of Gootman Adelman, and whether such payments were voluntary or to be charged against the note. There is contradictory testimony on this question in the record. We find no error in the judge's charge on this point when he said: "There must be some agreement or understanding that there was to be a credit on account of this note, that the payments were made in payment, on account, or on reduction of, or in discharge of, whatever the case might be, of this note." Or when the court said: "If that is true [referring to the payments], the plaintiff here would not be a holder in due course, because he would have had notice of the infirmity of the note, which was that it had been paid, if it is a fact that it had been paid."

Finding no error in the record, the judgment of the Hudson County Circuit Court is affirmed.