ANNA (ANNIE) LIEB, PLAINTIFF-RESPONDENT, v. BROAD FINANCE CORPORATION AND MORRIS SKOLNIK, DE- FENDANTS, AND MAX LOMACHINSKY AND MORRIS SOSSNER, DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *Fast & Fast*.

For the respondent, *Morris Isserman*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. In 1927, the plaintiff-respondent invested with, or loaned to, the Steel Finance Corporation $2,000, for which she held its demand note for that amount dated August 1st, 1927, endorsed by its officers and directors, some fourteen in number, and for some period of time she received payments of interest thereon.

When such payments stopped she made continuous and repeated demands for payment and the officers of the company, of which the present appellants were two, promised, and repromised, payment to her but none of such promises were kept. There seems also to have been in existence a corporation known as Broad Finance Corporation, one of the defendants in the present proceeding, which took over the Steel Finance Corporation, or with which the latter was merged; the remaining eight directors of the Steel Finance Corpora-

tion (the other six having ceased to be stockholders and directors), becoming the officers and directors of the Broad Finance Corporation.

Under date of July 2d, 1930, this last mentioned company executed its note to the plaintiff-respondent for $2,000 endorsed by five persons, directors of the company, among whom were the two appellants. This note was exchanged or substituted for the note of the Steel Finance Corporation, originally held by the plaintiff-respondent, and the earlier note by her delivered up to the Broad Finance Corporation.

When this note of July 2d, 1930, was actually delivered to the respondent and she delivered up the other note in exchange is left by the proofs somewhat uncertain. Evidently it was some considerable time after its face date. The respondent says it was November or December of 1931. Receiving no payments of either principal or interest thereon the respondent made formal demand for payment and such demand not being respected the note was protested December 17th, 1931. She then brought suit thereon against the maker, Broad Finance Corporation, and Max Lomachinsky, Morris Skolnik and Morris Sossner, three of the five endorsers.

This resulted in a judgment in favor of the plaintiff-respondent, against Max Lomachinsky, Morris Sossner, and Morris Skolnik. Why the judgment did not reach to the maker of the note, Broad Finance Corporation, does not appear from the record before us and with it we are not concerned because Lomaschinsky and Sossner alone appeal therefrom and they make no point of this.

The appellants raise and urge two grounds for reversal.

The first is that the trial court erred in submitting to the jury the question as to whether or not demand and protest of this demand note had been made within a reasonable time.

The contention of the appellants appears to be that the reasons for the delay were not in dispute, and as a matter of law they presented no justification for the delay, citing *Perry* v. *Green,* 19 *N. J. L.* 61; *Foley* v. *Emerald Brewing Co.,* 61 *Id.* 428, and *Hill Savings and Drawing Club* v. *Baronowitz,* 97 *Atl. Rep.* 28.

We think the clear and adverse answer to this is *First National Bank of Belmar* v. *Osborne*, 104 *N. J. L.* 112, in this court, where it was held *inter alia*, "the latter section (3 *Comp. Stat.*, *p.* 3734, § 193—at *p.* 3757—Negotiable Instruments act) permits the introduction of all the facts surrounding the making and acceptance of the note and the special circumstances which prompted the delay in presentment for payment and makes the question of what is a reasonable time one for the determination of the jury under the guidance of the court."

The second, and remaining ground for reversal is that the trial court erred in refusing to strike out testimony respecting certain transactions by the respondent with the Steel Finance Corporation, the maker of the note originally held by her.

All the proofs considered we are unable to find any prejudicial error in this action of the trial court.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.