FIRST NATIONAL BANK AT GLENDALE, A NATIONAL BANKING ASSOCIATION, APPELLANT, v. SUSSEX COUNTY AIRPORT, INC., A NEW JERSEY CORPORATION, RESPONDENT.

Argued May 28, 1948—Decided September 3d, 1948.

For the appellant, *John D. McMaster* (*Dolan & Dolan,* of counsel).

For the respondent, *Mackerley & Friedman* (*Peter Friedman,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J. Appellant, First National Bank at Glendale, California, appeals from a denial by the trial court of its motion for a directed verdict. At the conclusion of the testimony appellant made a motion for a directed verdict in its favor which, as stated, was denied, and the matter submitted to the jury under instructions from the court. A verdict of no cause of action in favor of the respondent, Sussex County Airport, Inc., was returned. Hence, the present appeal. Appellant, a National Banking Association, with its banking house at Glendale, California, sought to recover from respondent the sum of $1,300 representing the proceeds of a check made by respondent to the order of one R. E. Wilson and deposited by him to his credit in appellant's bank. The check in question bears date Rahway, New Jersey, October 27th, 1945, and was made payable at Union County Trust

Company, Cranford Branch, Cranford, New Jersey. Appellant claimed that it had received and cashed the check in good faith on December 3d, 1945, in due course of its ordinary banking business without notice that respondent had stopped payment thereon. The facts giving rise to the transaction are these. One R. E. Wilson had sold to respondent for $3,000 an airplane which he had flown from Texas to respondent's airport at Westfield, New Jersey, arriving on October 22d, 1945. The check of October 27th, 1945, for $1,300 was given in part payment. Additionally, respondent paid Wilson $700 in cash. Subsequently, respondent, at Wilson's request, forwarded to him a bank manager's check for $2,300, in lieu of the $1,300 check and another in the amount of $1,000, upon Wilson's assurance that the latter checks would be returned. Wilson likewise deposited the check for $2,300 in appellant's bank under date of November 19th, 1945, but did not return the original check for $1,300. On the contrary, Wilson deposited it to his own credit in appellant's bank on December 3d, 1945, and was permitted to draw against it by the appellant in various amounts aggregating $1,300. Respondent stopped payment on the $1,300 check dated October 27th, 1945, by giving written notice thereof to the Union County Trust Company on November 7th, 1945. The testimony does not show that appellant bank had any knowledge of the transactions between respondent and R. E. Wilson.

Several grounds of appeal are urged for reversal. Of these the only one that requires discussion and which is dispositive of the matter, is whether the trial court properly denied appellant's motion for a directed verdict and whether the issue that an unreasonable time had elapsed from the issuance of the check on October 27th, 1945, and the cashing thereof by appellant bank on December 3d, 1945, was properly submitted to the jury for its determination. The contention of the appellant is that the reasons for the delay were not in dispute, and as a matter of law the delay was not unreasonable under well-established banking practice and usage, and that, therefore, no jury question was presented. On the other hand, respondent argues that the question of the alleged unreasonable

delay in negotiating the check presents a question of fact requiring submission to and the determination thereof by the jury, and that it was, therefore, proper for the trial court to submit the question to the jury; that it was for the jury to determine from the testimony and the attendant circumstances adduced by that testimony, whether there had been an unreasonable delay in negotiating the check; that the check being dated October 27th, 1945, and not being presented for payment at appellant's bank until December 3d, 1945, should have obviously put appellant bank on notice to ascertain the reason for delay in presentation and, further, if appellant bank had followed the usual banking practice of merely accepting the check for collection, rather than giving Wilson immediate credit for the proceeds thereof and permitting him to draw checks thereon totaling the amount of the check before it ascertained that payment had been stopped by respondent, then appellant bank would have suffered no loss. There was no other issue than that of the alleged unreasonable delay in negotiating the check, and that was the only issue the trial court submitted to the jury for its determination. An examination of the exhibits reveals that the bank manager's check for $2,300 dated November 7th, 1945, given to R. E. Wilson, was accepted by appellant bank for collection, while the $1,300 check of October 27th, 1945, was accepted by appellant and honored by it for payment immediately upon deposit.

The question presented for our consideration is not a novel one and similar instances have received the attention of this court in *First National Bank of Belmar* v. *Osborne*, 104 *N. J. L.* 112; 139 *Atl. Rep* 25, opinion by Mr Justice Katzenbach; *Rees, Taylor Co., Inc.,* v. *Mayflower Diners, Inc.,* 110 *N. J. L.* 437; 166 *Atl. Rep.* 96; opinion by Mr. Justice Trenchard; and *Lieb* v. *Broad Finance Corp.,* 111 *N. J. L.* 362; 168 *Atl. Rep.* 438; opinion by Chancellor Campbell, and also by the Supreme Court in *Gershman* v. *Adelman*, 103 *N. J. L.* 284; 135 *Atl. Rep.* 688; opinion by Mr. Justice Black. Under our Negotiable Instruments Act a check is specifically defined to be "a bill of exchange drawn on a bank payable on demand;" and except as otherwise provided, the provisions of

the Negotiable Instruments Act applicable to a bill of exchange payable on demand likewise apply to a check. *R. S.* 7:4–2. *R. S.* 7:4–3 with reference to the time for presentment of a check provides as follows:

"A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

*R. S.* 7:1–4 with reference as to what constitutes a reasonable time has this to say:

"In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

The trial court in his instructions to the jury and interpreting *R. S.* 7:1–4 charged, that whether the negotiation of the check of October 27th, 1945, on December 3d, 1945, involved an unreasonable length of time was a question of fact for the jury and not a strict question of law. Under our rulings in *First National Bank of Belmar* v. *Osborne; Rees, Taylor Co., Inc.,* v. *Mayflower Diners, Inc.; Lieb* v. *Broad Finance Corp.,* and the well-reasoned decision of the Supreme Court in *Gershman* v. *Adelman, supra,* we are of the opinion that the interpretation of the trial court of *R. S.* 7:1–4 was correct and that the question was properly submitted to the jury to determine whether or not a reasonable or an unreasonable length of time involving the negotiation of the check was present. As Mr. Justice Katzenbach, speaking for this court in *First National Bank of Belmar* v. *Osborne, supra,* stated:

"The latter section [section 193 of the Uniform Negotiable Instruments Law, which is identical with the provisions of *R. S.* 7:1–4] permits, we think, the introduction of all the facts surrounding the making and acceptance of the note and the special circumstances which prompted the delay in presentment for payment, and makes the question of what is a reasonable time or an unreasonable time one for the determination of the jury under the guidance of the court." (Brackets ours.)

See, also, the discussion of section 193 of the Uniform Negotiable Instruments Law, found in *R. S.* 7:1–4 in "Ne-

gotiable Instruments Law Annotated," Brannan, sixth edition, page 1183, and cases cited.

The jury having found that the facts and circumstances regarding the negotiation and presentment for payment of the check of October 27th, 1945, represented an unreasonable delay, its findings to this effect will not be disturbed. *Lieb* v. *Broad Finance Corp., supra.*

We have considered all of the other arguments advanced by the appellant and find them to be without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, SCHETTINO, JJ. 10.

*For reversal*—HEHER, DILL, FREUND, MCLEAN, JJ. 4.